**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**RENAE' BROWN**                                                                                         **PLAINTIFF**

**vs.**                                        **CASE NO.   4:05-CV-01829**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY**                                      **DEFENDANT**

## OPINION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Renae' Brown appeals the decision of the Commissioner of the Social Security Administration to deny her claim for a period of disability, disability insurance benefits, and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(I) & 423, 42 U.S.C. § 1382c(a)(3).  Both parties have moved for judgment on the administrative record and have submitted supporting briefs.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the ALJ's decision that the Plaintiff is not disabled.

For the reasons discussed below, the Court affirms the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND

Ms. Brown was born in 1980 and was approximately 26 years old when the ALJ issued the Commissioner's final decision.  Ms. Brown finished high school and completed two years of college.  Ms. Brown has past work experience as a retail shipping-receiving clerk, a day companion-sitter, a fast food worker and a teacher's aide.

Ms. Brown applied for disability benefits and supplemental security income benefits on

January 8, 2001, alleging disability since September 17, 1984, due to sickle cell anemia and a heart murmur.  After a hearing on April 17, 2002, the ALJ found that Plaintiff was not disabled on July 18, 2002.  Plaintiff's insured status for Title II benefits expired in June 2002.  The Appeals Council remanded the 2002 decision to the ALJ for reconsideration of whether any of Plaintiff's previous employment qualified as past relevant work under the regulations.  The ALJ conducted a new hearing on August 25, 2005.  In writing his 2005 decision, the ALJ incorporated the prior decision's reasoning, but not its ultimate determination.  On November 1, 2005, the Appeals Council declined to review the ALJ's 2005 decision.  Accordingly, the ALJ's 2005 decision is the final decision of the Commissioner.

### III.  LEGAL PRINCIPLES

#### A. Substantial Evidence Standard of Review

In this action for judicial review pursuant to § 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), the Court must determine whether there is substantial evidence on the record as a whole to support the decision of the Commissioner.  *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  This Court's review is deferential;  the court "must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *Prosch,* 201 F.3d at *1012*.  In determining whether substantial evidence exists, the court will consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Craig v. Apfel,* 212 F.3d 433, 435-36 (8th Cir. 2000).  However, the Commissioner's findings may not be reversed merely because evidence may exist to support the opposite conclusion.  *Mitchell v.* Shalala, 25 F.3d 712,

714 (8th Cir. 1994). As long as substantial evidence in the record supports the Commissioner's decision, the decision may not be reversed either because substantial evidence exists in the record that would have supported a contrary outcome, *id.,* or because this Court would have decided the case differently. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

### B.     Disability Determinations and the Burden of Proof

The Social Security Regulations (the "Regulations") prescribe a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. § 404.1520 & 416.920 (2003); *Goff v. Barnhart*, 421 F.3d 785 (8th Cir. 2005).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 404.1520(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir. 2003); *accord Lewis v. Barnhart,* 353 F.3d 642, 645 (8th Cir. 2003). The United States Supreme Court has explained:

> The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." . . . Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting."

*Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. § § 404.1521(b), 416.921(b)).

Third, if the claimant has a severe impairment, then the Commissioner will consider the

medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, or work experience. 20 C.F.R. § 404.1520; *Kelley,* 133 F.3d at 588.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(4)(iv); 404.1545(4); *see Lewis,* 353 F.3d at 645-46 ("RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, 'what the claimant can still do' despite his or her physical or mental limitations.") (citing *Bradshaw v. Heckler*, 810 F.2d 786, 790 (8th Cir. 1987); 20 C.F.R. § 404.1520(e) (1986)); *Dixon, supra.* The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 404.1545(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1520(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner "to prove that there is other work that [the claimant] can do, given [the claimant's] RFC [as determined at step four],

age, education, and work experience." Clarification of Rules Involving Residual Functional Capacity Assessments, etc., 68 Fed.Reg. 51,153, 51,155 (Aug. 26, 2003). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Id.;* 2 0 C.F.R. § 404.1520(4)(v); *Dixon, supra; Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001) ("[I]f the claimant cannot perform the past work, the burden then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.") (citing *Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998)); *Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find the claimant is disabled. 20 C.F.R. § 404.1520(r)(v). At step five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Goff*, 421 F.3d at 790 (citing *Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004)).

## IV.   DISCUSSION

The ALJ concluded that Plaintiff is limited to light work but that she retains the residual functional capacity to lift 20 pounds occasionally, 10 pounds frequently, to sit for 2 hours in an eight-hour work day, and to stand or walk for six hours in an eight-hour work day. The ALJ further concluded that there are a significant number of jobs existing in the national economy which Plaintiff can perform. Said jobs include working as a fast food worker, mail sorter, and retail cashier. [R. 305].

Plaintiff, in her brief, makes various arguments to support her contention that the

Commissioner's final decision was not supported by substantial evidence. However, none of the contentions has merit.

### A.     Prior Disability Determination

For the reasons well stated in the Commissioner's brief, the fact that Plaintiff Brown received disability benefits as a child was not entitled to "considerable weight" in determining Brown's new application for benefits. Nor was the ALJ required to factor in her childhood disability or to apply the medical improvement standard. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *King v. Chater*, 90 F.3d 323, 325 (8th Cir. 1996).

### B.     Evaluation of the Evidence

Substantial record evidence existed to support the ALJ's determination that "despite a history of noncompliance, the claimant's anemia has been amenable to good control for extended periods when compliance with recommended iron therapy has been maintained." [Tr. 302]. Ample evidence existed to show that Plaintiff's health conditions could be controlled with medication and treatment and therefore were not disabling. *See Rose v. Apfel*, 181 F.3d 943, 944 (8th Cir. 1999); *Fenton v. Apfel*, 149 F.3d 907, 912 (8th Cir. 1998).

### C.     Impairments in Combination

The Court rejects Plaintiff's contention that the ALJ erred by failing to consider her ailments in combination. Plaintiff argues that the ALJ failed to mention her congenital heart defect or her back disability. However, neither of these conditions merited further consideration by the ALJ.

The 2002 ALJ decision throughly considered and rejected Plaintiff's claimed heart impairment, which is based on a heart murmur. Substantial record evidence supports the ALJ's 2002 decision that Plaintiff presented no evidence that she required or sought regular treatment

for any symptoms related to a heart murmur and that her "heart condition" was non-severe. [R. 16, 18]. *See Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992)(proof of a disabling impairment must be supported by at least some medical evidence).

Plaintiff's claimed back impairment appears to consist of a short-term back ache, lasting approximately one week. There is no evidence to support a finding that Plaintiff had a back condition which lasted for at least one year. To receive disability benefits, a claimant must establish an impairment lasting at least one year that prevents her from engaging in any substantial gainful activity; claimant bears the burden of proof on this issue. *Ingram v. Chater*, 103 F.3d 598, 601 (8th Cir. 1997). Because Plaintiff's back impairment had such a short duration, the ALJ was not required to consider it in combination with other, long-lasting impairments. See 20 C.F.R. §§ 404.1522, 416.922.

### D.    Duty to Investigate

The Court rejects Plaintiff's argument that the ALJ erred either because he failed to order a consultative examination or because he did not contact her doctors to determine her residual functional capacity. Consultative exams are only necessary when the medical evidence in the record is inconclusive, or somehow incomplete. 20 C.F.R. §§ 404.1519(b), 416.919(b). The regulations state that the ALJ should contact a treating physician when the information the doctor provides is inadequate to determine whether the claimant is disabled. 20 CFR §§ 404.1512(e), 416.912(e). The ALJ does not have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

The transcript does not indicate that the medical records provided were incomplete or the information provided inadequate. Additionally, Plaintiff has failed to show that he was treated

unfairly or prejudiced by the ALJ's alleged failure to develop the record. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993)(claimant must show prejudice or unfair treatment due to failure to develop the record).

### E.    The ALJ'S Evaluation of Plaintiff's Subjective Complaints

Plaintiff contends that the ALJ failed to make detailed credibility findings. The Court disagrees. The record shows that the ALJ conducted a proper credibility analysis, partly by incorporating the prior decision's reasoning. [R. 304]. As the ALJ made clear, his 2005 decision relied on the facts and reasoning in the 2002 decision, which contains a thorough credibility discussion. [R. 301, 303-04].

In *Polaski v. Heckler*, 739 F.2d 1320, 1332 (8th Cir. 1984), the Eighth Circuit listed five factors an ALJ is required to examine when analyzing a claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. While the ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's subjective complaints, he is not required to explicitly discuss each *Polaski* factor. *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

The ALJ specifically stated that he had considered the *Polaski* factors. [R. 302]. The ALJ further determined that the Plaintiff's daily activities, including her part-time work, were inconsistent with her reports of a disabling impairment. Allegations of pain may be discredited by evidence of daily activities inconsistent with such allegations. *Eichelberger v. Barnhart*, 390 F.3d 584 (8th Cir. 2004).

The ALJ was also influenced by the fact that the medical evidence showed that

compliance with her iron therapy alleviated many of her symptoms. As the ALJ noted, "in summary, impairments that are essentially controllable or amenable to treatment do not support a finding of disability and failure to follow a prescribed course of treatment without good reason can be a ground for delaying an application for benefits." [R. 20]. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005)(condition controlled with medication). Plaintiff's credibility also suffered because none of her doctors had ever advised her that her condition precluded her from working, nor had she been advised to limit her activities. [R. 21]. *See Tennant v. Apfel*, 224 F.3d 869, 870 (8th Cir. 2000)(absence of physician ordered limitations proper credibility factor to consider); *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999)(claimant's credibility undermined by lack of significant restrictions placed on him by doctors).

Under the facts of this case and considering the record as a whole, the Court cannot say that the ALJ improperly assessed Ms. Brown's subjective complaints of dizziness, fatigue, weakness, or acid reflux.

### F.     Hypothetical Question

The Court rejects Plaintiff's contention that the ALJ erred in rejecting the vocational expert's answer to a second hypothetical question posed to him during the hearing. The vocational expert, when asked whether a person moderately limited one third of the time due to fatigue could do full-time work, said no. [R. 338]. The record did not support the posed hypothetical because the ALJ found, and was justified in finding, that Plaintiff could do light work. The ALJ is not required to consider hypothetical questions which are not supported by the record. *See McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000)(hypothetical question need not include impairments that are not supported by the record).

## CONCLUSION

Because substantial evidence exists in the record to support the Commissioner's determination that the claimant Renae' Brown is not disabled,

IT IS HEREBY ORDERED THAT the Commissioner's decision be, and it is hereby, AFFIRMED.

IT IS SO ORDERED THIS  2nd  day of March, 2007.

                                         /s/Garnett Thomas Eisele
                                        UNITED STATES DISTRICT JUDGE